**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| City of Chicago; City of Boston; City and County of Denver; City and County of San Francisco; and City of Seattle, <br><br>     Plaintiffs, <br><br> v. <br><br> United States Department of Homeland Security and Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security, <br><br>     Defendants. | Case No. 1:25-cv-05462 <br><br> Hon. John J. Tharp, Jr. |

**JOINT INITIAL STATUS REPORT**

Pursuant to the Court's September 4, 2025 order (Dkt. 28), Plaintiffs City of Chicago, City of Boston, City and County of Denver, City and County of San Francisco, and City of Seattle and Defendants United States Department of Homeland Security and Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security, submit the following Joint Initial Status Report:

1.     <u>**The Nature of the Case:**</u>

        **A. Attorneys of Record**

        <u>Plaintiffs</u>

        *Lead Trial Attorney*
        Chelsey Metcalf
        City of Chicago Department of Law
        121 North LaSalle Street, Room 600
        Chicago, IL 60602
        chelsey.metcalf@cityofchicago.org
        (312) 744-9484

1

Stephen Kane
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, IL 60602
stephen.kane@cityofchicago.org
(312) 744-6934

Samuel B. Dinning
City of Boston Law Department
1 City Hall Square, Room 615
Boston, MA 02130
samuel.dinning@boston.gov
(617) 635-4017

Teresa K. Anderson
City of Boston Law Department
One Schroeder Plaza
Boston, MA 02120
teresa.anderson@pd.boston.gov
(617) 343-4328

Matthew J. Mulbarger
Denver City Attorney's Office
201 W. Colfax Ave
Denver, CO 80202
matthew.mulbarger@denvergov.org
(720) 926-6697

Rebecca S. Widen
Seattle City Attorney's Office
701 5th Ave
Suite 2050
Seattle, WA 98104
rebecca.widen@seattle.gov
(206) 684-8200

Nancy E. Harris
San Francisco City Attorney's Office
1390 Market Street, 7th Floor
San Francisco, CA 94102
nancy.harris@sfcityatty.org
(415) 554-3957

Sara J. Eisenberg
San Francisco City Attorney's Office

2

1390 Market Street, 7th Floor
San Francisco, CA 94102
sara.eisenberg@sfcityatty.org
(415) 554-3874

<u>Defendants</u>

*Lead Trial Attorney*
Patrick Johnson
United States Attorney's Office
219 S. Dearborn St.
Chicago, IL 60604
patrick.johnson2@usdoj.gov
(312) 353-5300

### B. Nature of Claims

Congress passed a law establishing Securing the Cities, a program that seeks to prevent nuclear and other terrorist attacks in high-risk urban areas. To accomplish this purpose, Congress mandated that the Department of Homeland Security implement Securing the Cities by providing resources to local governments. Pursuant to this mandate, DHS has for years entered into cooperative agreements that award funds to 13 local governments—including Plaintiffs—in urban regions that DHS deems to be at an elevated risk of sustaining terrorist attacks.

Plaintiffs allege that Defendants have violated the Constitution and the Administrative Procedure Act and acted ultra vires by freezing the Securing the Cities counterterrorism program. According to Plaintiffs, this programmatic freeze includes: (1) Defendants' freeze of Securing the Cities funding and failure to reimburse Plaintiffs within 30 calendar days, in violation of 2 C.F.R. § 200.305(b)(3); (2) DHS' May 14, 2025 memorandum instructing all Securing the Cities regions that they "must pause … all radiological and nuclear detection equipment purchases" due to supposed "funding constraints"; and (3) DHS' failure to provide new awards to Plaintiffs in 2025. Since Plaintiffs filed the amended complaint, DHS has paid all 11 of Plaintiffs' requests for

reimbursement under the Securing the Cities Program, identified in ¶ 53 of the second amended complaint.

### C.  Major Legal and Factual Issues

The parties agree that there are no major factual issues, which is why the parties propose proceeding with cross motions for summary judgment. *See infra* Sec. 7.

The major legal issues in the case include: (a) whether Defendants violated the Constitution and APA by freezing Securing the Cities funding and failing to reimburse Plaintiffs within 30 days of their reimbursement requests; (b) whether Defendants violated the Constitution and APA by issuing the May 14, 2025 equipment pause memorandum; (c) whether DHS' failure to provide any new awards to Plaintiffs for Fiscal Year 2025 violates the Constitution and APA; (d) the scope of injunctive relief available to Plaintiffs; (e) whether this Court has subject matter jurisdiction over Plaintiffs' claims; and (f) whether some of Plaintiffs' claims are moot.

### D.  Relief Sought by Plaintiffs

    i.  Declaratory Judgment under 28 U.S.C. § 2201 stating that Defendants violated the Constitution, the Administrative Procedure Act, and acted ultra vires by freezing Securing the Cities funding and failing to resolve reimbursement requests within 30 days;

    ii.  Injunction prohibiting Defendants from freezing Securing the Cities funding and failing to resolve pending and future reimbursement requests in accordance with 2 C.F.R. § 200.305(b)(3); and

    iii.  Attorneys' fees and costs.

### 2. <u>Jurisdiction</u>

The Court has jurisdiction because this case arises under the Constitution and the laws of the United States (individual laws listed in Sec. 2(a)), 28 U.S.C. § 1331.

    **A. Federal Statutes for Federal Question Jurisdiction**

        1. U.S. CONST. art. I, § 1 (Separation of Powers)

        2. 5 U.S.C. § 706 (Administrative Procedure Act)

### 3. <u>Status of Service</u>

Defendants have been served.

### 4. <u>Consent to Proceed Before a United States Magistrate Judge</u>

Counsel have advised the parties that they may proceed before a Magistrate Judge. The Parties do not consent unanimously to proceed before a Magistrate Judge.

### 5. <u>Motions</u>

    **A. Briefly describe pending motions**

There are no pending motions.

    **B. State whether defendants anticipate responding to the complaint by filing an answer or by means of motion.**

The parties propose waiving the requirement that Defendants file an answer, so that the parties can proceed with cross-motions for summary judgment. *See infra* Sec. 7.

### 6. <u>Status of Settlement Discussions</u>

    **A. Indicate whether any settlement discussions have occurred.**

Settlement discussions have occurred.

    **B. Describe the status of any settlement discussions.**

Plaintiffs issued a settlement demand to Defendants on August 1, 2025. While the parties have subsequently discussed settlement, Defendants have not formally responded to Plaintiffs' demand.

### C. Whether the parties request a settlement conference.

Not at this time.

### 7. Proposed Case Management Schedule

The parties have conferred and propose to proceed with cross-motions for summary judgment on a schedule that would allow for the efficient and expeditious resolution of this case.

Because no discovery is expected in the case, the disputed issues are largely legal in nature, and all relevant factual issues will be fully addressed in the parties' summary judgment briefs and exhibits attached thereto, the parties further request that the Court waive the requirement that the parties submit statements of material fact and responses thereto pursuant to Local Civ. R. 56.1(a)(2).

Defendants also request, with Plaintiffs' consent, that the Court waive the requirement that Defendants file an answer to the complaint or any amended complaint, given that the parties will be proceeding straight to summary judgment briefing.

To that end, the parties propose the following briefing schedule for cross-motions for summary judgment:

- November 3, 2025 - Plaintiffs will file an amended complaint, if any, and motion for summary judgment.
- December 18, 2025 - Defendants will file their opposition to Plaintiffs' motion for summary judgment and cross-motion for summary judgment.
- January 8, 2026 - Plaintiffs will file a combined reply in support of their motion for summary judgment and opposition to Defendants' cross-motion for summary judgment.
- January 20, 2026 - Defendants will file their reply in support of their motion for summary judgment.

**A. Initial Disclosures per Rule 26(a)(1) and 26(e)(1)** – The parties do not propose a deadline for this because the parties would like to proceed with cross-motions for summary judgment.

**B. Deadline to Join Parties or Seek Leave to Amend -** *See* above for proposed schedule.

**C. Close of Fact Discovery -** The parties do not propose a deadline for this because the parties would like to proceed with cross-motions for summary judgment.

**D. Close of Expert Discovery (if contemplated) -** The parties do not propose a deadline for this because the parties would like to proceed with cross-motions for summary judgment.

**E. Deadlines to file class certification, Daubert motions, and summary judgment motions (if contemplated)** – *See* above for proposed schedule.

Dated: September 18, 2025

Andrew S. Boutros
United States Attorney

By: s/Patrick Johnson
Patrick Johnson
United States Attorney's Office
219 S. Dearborn St.
Chicago, IL 60604
patrick.johnson2@usdoj.gov
(312) 353-5300

Respectfully submitted,

Mary B. Richardson-Lowry
Corporation Counsel of the City of Chicago

By: /s/ Chelsey Metcalf
Chelsey Metcalf
(chelsey.metcalf@cityofchicago.org)
Stephen Kane (stephen.kane@cityofchicago.org)
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, Illinois 60602
Tel: (312) 744-9484

Adam Cederbaum
Corporation Counsel, City of Boston

/s/ Samuel B. Dinning
Samuel B. Dinning (samuel.dinning@boston.gov)
Teresa K. Anderson

7

(teresa.anderson@pd.boston.gov)
City of Boston Law Department
One City Hall Square, Room 615
Boston, MA 02201
Tel: (617) 635-4034

*Attorneys for Plaintiff City of Boston*

Katie McLoughlin
Acting City Attorney, City and County of Denver

By: /s/ Matthew J. Mulbarger
Matthew J. Mulbarger
(matthew.mulbarger@denvergov.org)
Denver City Attorney's Office
201 W. Colfax Avenue
Denver, CO 80202
Tel: (720) 913-8050

*Attorneys for Plaintiff City and County of Denver*

David Chiu
City Attorney

/s/ Nancy E. Harris
Nancy E. Harris (Nancy.Harris@sfcityatty.org)
Sara J. Eisenberg (Sara.Eisenberg@sfcityatty.org)
San Francisco City Attorney's Office
1390 Market Street, 7th Floor
San Francisco, CA 94102-5408
Telephone: (415) 355-3308

*Attorneys for Plaintiff City and County of San Francisco*

Ann Davison
Seattle City Attorney

By: /s/ Rebecca Widen
Rebecca Widen (Rebecca.Widen@seattle.gov)
Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
Tel: (206) 684-8200

*Attorneys for Plaintiff City of Seattle*

8