IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, CITY OF BOSTON, CITY AND COUNTY OF DENVER, CITY AND COUNTY OF SAN FRANCISCO, and CITY OF SEATTLE,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY and MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, [1]<br><br>Defendants. | Case No. 1:25-cv-05462<br><br>Hon. John J. Tharp, Jr. |

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs City of Chicago, City of Boston, City and County of Denver, City and County of San Francisco, and City of Seattle respectfully move the Court for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(a), and show as follows:

1.      Plaintiffs' Amended Complaint alleges that Defendants United States Department of Homeland Security ("DHS") and Markwayne Mullin, in his official capacity as Secretary of the Department of Homeland Security, violated the Administrative Procedure Act by instituting two freezes to the Securing the Cities program: (1) a freeze on reimbursing Plaintiffs for their Securing the Cities expenditures (the "Reimbursement Freeze"); and (2) a freeze on Plaintiffs' ability to purchase new equipment (the "Equipment Freeze").

---

[1]    Pursuant to Federal Rule of Civil Procedure 25(d), Secretary of Homeland Security Markwayne Mullin is automatically substituted for his predecessor, Kristi Noem.

1

2.     Plaintiffs move for summary judgment on two counts alleged in the Amended Complaint.

3.     *First*, Plaintiffs respectfully move the Court to grant summary judgment for Plaintiffs on Count IV (Administrative Procedure Act, 5 U.S.C. § 706(2)(A)) with respect to the Reimbursement Freeze and the Equipment Freeze. As explained in Plaintiffs' memorandum in support filed herewith, the record establishes that Defendants acted arbitrarily and capriciously by "pausing" reimbursements and Plaintiffs' ability to purchase radiological and nuclear detection equipment without, among other things, articulating a satisfactory explanation for the Freezes.

4.     *Second*, Plaintiffs respectfully move the Court to grant summary judgment for Plaintiffs on Count VI (Administrative Procedure Act, *id.* § 706(2)(D)) with respect to the Reimbursement Freeze. The record establishes that Defendants acted not in accordance with law, and without observance of procedure required by law, by failing to reimburse Plaintiffs' reimbursement requests within 30 days, in violation of 2 C.F.R. § 200.305(b)(3).

5.   In conjunction, Plaintiffs request the Court enter an order:

a.   Declaring, pursuant to 28 U.S.C. § 2201(a), that Defendants violated the Administrative Procedure Act by implementing the Reimbursement Freeze and Equipment Freeze;

b.   holding unlawful, setting aside, and vacating the Reimbursement Freeze and Equipment Freeze under 5 U.S.C. § 706(2)(A) as arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law;

c.   holding unlawful, setting aside, and vacating the Reimbursement Freeze under 5 U.S.C. § 706(2)(D) as without observance of procedure required by law; and

d. permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and all those in active concert or participation with any such person, from implementing, enforcing, or otherwise requiring Plaintiffs or their subrecipients to comply with the Equipment Freeze or any materially similar policy with respect to any Securing the Cities funding obligated by Defendants to Plaintiffs or their subrecipients or awarded to or received by Plaintiffs or their subrecipients, whether directly or indirectly, including through any cooperative agreements, applications for continuation funding, notices of funding availability or opportunity, "please apply" letters, certifications, post-award submissions, or reimbursement requests;

e. requiring Defendants, their officers, agents, servants, employees, attorneys, and all those in active concert or participation with any such person, to immediately treat any actions taken to implement or enforce the Equipment Freeze or any materially similar policy as to Plaintiffs or their subrecipients, including any delays, withholding of funds, or denials of reimbursement requests based on such policies, as null, void, and rescinded;

f. permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and all those in active concert or participation with any such person, from retaliating against any Plaintiff or its subrecipients, or taking any adverse action, based on any Plaintiff's participation in this lawsuit, including reducing the amount of a funding award or obligation category to that Plaintiff or subrecipient; refusing to issue, process, sign, or

approve any cooperative agreements, applications for continuation funding, notices of funding availability or opportunity, "please apply" letters, certifications, or post-award submissions; and refusing to issue, process, sign, or approve any invoice or request for payment, or reducing the amount of such approval or payment;

g. requiring Defendants' counsel to provide written notice of any aforementioned order(s) to all Defendants and their officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with Defendants by the end of the second business day after issuance of such order(s); and

h. requiring Defendants, by the end of the third business day after issuance of any aforementioned order(s), to file on the Court's electronic docket and serve upon Plaintiffs a Status Report documenting the actions they have taken to comply with such order(s), including a copy of the written notice described in the preceding subparagraph and an explanation as to whom the notice was sent.

6. Contemporaneous with this motion, and in accordance with Local Rule 56.1, Plaintiffs file their Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment.[2]

**WHEREAS**, Plaintiffs respectfully request that the Court grant this motion and enter judgment for Plaintiffs on all claims they have moved on herein.

---

[2] Pursuant to the Court's order of June 3, 2026, Plaintiffs do not file a statement of material facts.

4

Dated: June 15, 2026

Respectfully submitted,

**Mary B. Richardson-Lowry**
Corporation Counsel of the City of Chicago

By: /s/ *Stephen Kane*
Stephen Kane (IL Bar No. 6272490)
Chelsey Metcalf (IL Bar No. 6447233)
Raphael J. Ginsburg (IL Bar No. 6332724)
John Kauffman (IL Bar No. 6353229)
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, Illinois 60602
(312) 744-0458
Stephen.Kane@cityofchicago.org
Chelsey.Metcalf@cityofchicago.org
Raphael.Ginsburg@cityofchicago.org
John.Kauffman@cityofchicago.org

*Counsel for Plaintiff City of Chicago*

**Michael Firestone**
Corporation Counsel, City of Boston

By: /s/ *Samuel B. Dinning*
Samuel B. Dinning (MA BBO 704304)
Teresa K. Anderson (MA BBO 669985)
City of Boston Law Department
One City Hall Square, Room 615
Boston, MA 02201
(617) 635-4034
samuel.dinning@boston.gov
teresa.anderson@pd.boston.gov

*Counsel for Plaintiff City of Boston*

**Michiko (Miko) Ando Brown**
City Attorney, City and County of Denver

By: /s/ *Matthew J. Mulbarger*
Matthew J. Mulbarger (CO Bar No. 51918)
Denver City Attorney's Office
201 W. Colfax Avenue
Denver, CO 80202
(720) 913-8050
matthew.mulbarger@denvergov.org

*Counsel for Plaintiff City and County of Denver*

5

**David Chiu**
City Attorney

By: /s/ *Nancy E. Harris*
Nancy E. Harris
Sara J. Eisenberg
San Francisco City Attorney's Office
1390 Market Street, 7th Floor
San Francisco, CA 94102-5408
(415) 355-3308
Nancy.Harris@sfcityatty.org
Sara.Eisenberg@sfcityatty.org

*Counsel for Plaintiff City and County of San Francisco*

**Erika Evans**
Seattle City Attorney

By: /s/ *Rebecca Widen*
Rebecca Widen
Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200
Rebecca.Widen@seattle.gov

*Counsel for Plaintiff City of Seattle*