UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF CHICAGO, CITY OF BOSTON, CITY AND COUNTY OF DENVER, CITY AND COUNTY OF SAN FRANCISCO, and CITY OF SEATTLE,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY and MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security,<br><br>Defendants. | ) | No. 25 C 5462<br><br>Judge Tharp |

**<u>DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

Defendants, by their attorney, Andrew S. Boutros, United States Attorney for the Northern District of Illinois, respectfully move pursuant to Federal Rule of Civil Procedure 56(a) for partial summary judgment on Count IV and Count VI of plaintiffs' amended complaint, and state as follows:

1. Plaintiffs' amended complaint alleges, among other things, that defendants violated the Administrative Procedure Act by instituting two "freezes" to the Securing the Cities (STC) program.

2. The first alleged "freeze" was on reimbursements that defendants owed to plaintiffs to plaintiffs pursuant to the parties' contractual cooperative agreements; the second was to plaintiffs' ability to purchase new equipment through those same cooperative agreements. Both alleged freezes are better understood as temporary pauses.

3. First, defendants move for summary judgment on Count IV of the amended complaint, which alleges that both the reimbursement pause and equipment pause were arbitrary and capricious under 5 U.S.C. § 706(2)(A). As explained in defendants' memorandum in support filed herewith, defendants are entitled to summary judgment as to both claims because neither is justiciable, and because the equipment pause was not arbitrary or capricious. Further, plaintiffs' motion for summary judgment on these claims fails because the court does not have jurisdiction to hear them under Tucker Act principles. The court also lacks jurisdiction as to plaintiffs' reimbursement pause claim because that claim is moot.

4. Second, defendants move for summary judgment on Count VI, which alleges that the reimbursement pause was not in accordance with the law. As described above, plaintiffs' reimbursement pause claim is not justiciable. and the court lacks jurisdiction to hear the claim.

5. Contemporaneous with this motion and in accordance with Local Rule 56.1, defendants file their memorandum in support of their cross-motion for partial summary judgment and in opposition to plaintiffs' motion for partial summary judgment.

Defendants move the court to enter partial summary judgment on Counts IV and VI of plaintiffs' amended complaint.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Michael T. Morrell
MICHAEL T. MORRELL
Assistant United States Attorneys
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 469-6206
michael.morrell@usdoj.gov