**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CITY OF CHICAGO, CITY OF BOSTON, CITY AND COUNTY OF DENVER, CITY AND COUNTY OF SAN FRANCISCO, and CITY OF SEATTLE,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY and MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security,<br><br>Defendants. | Case No. 1:25-cv-05462<br><br>Hon. John J. Tharp, Jr. |

**SECOND DECLARATION OF CHELSEY METCALF IN SUPPORT OF
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

I, Chelsey Metcalf, declare under penalty of perjury as prescribed in 28 U.S.C. § 1746:

1. I am an attorney admitted to practice with the bars of Illinois, Wisconsin, the Northern District of Illinois, the Western District of Wisconsin, and the Eastern District of Wisconsin. I am an Assistant Corporation Counsel in the Affirmative Litigation division of the City of Chicago's Department of Law, which is counsel of record for Plaintiff City of Chicago in this action. I make this declaration of my own personal knowledge. If called on to do so, I could and would testify competently to the matters stated herein.

2. In March 2026, I informed counsel for Defendants that two co-Plaintiffs, the City of Boston and the City of Seattle, needed to purchase certain personal radiation detectors (PRDs) in advance of the FIFA World Cup games taking place in their regions to further ensure the safety of those games. I explained that if the parties were not able to reach agreement regarding the PRDs,

Plaintiffs would need to pursue emergency briefing with the Court. In response, Defendants approved Boston's request and a portion of Seattle's request. Plaintiffs did not pursue emergency relief with this Court.

3. Attached hereto as **Exhibit G** is a true and correct copy of email correspondence between myself and counsel for Defendants, dated May 22 through May 29, 2026.

4. Attached hereto as **Exhibit H** is a true and correct copy of email correspondence between myself and counsel for Defendants, dated June 4 through June 8, 2026.

5. On June 12, 2026, I conferred with counsel for Defendants regarding questions I had raised in prior email correspondence, including (a) if the administrative record filed by Defendants contained all the non-privileged documents that were directly or indirectly considered in connection with the challenged 2025 decision by the DHS Countering Weapons of Mass Destruction Office to pause procurement of radiological and nuclear detection equipment under the Securing the Cities program (*see* Ex. G at 5; Ex. H at 8) and (b) if Defendants had any intention of supplementing the administrative record with particular documents that were mentioned in the record but not included in it (*see* Ex. G at 5). Counsel for Defendants stated, respectively, that (a) the administrative record was complete and (b) Defendants did not intend to add the documents mentioned in the administrative record but not included.

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, the foregoing is true and correct.

Executed on September 29, 2026 at Chicago, Illinois.

_____/s/ Chelsey Metcalf_ ___
CHELSEY METCALF

# Exhibit G

Outlook

**Re: Administrative Record Questions in STC Case 1:25-cv-05462**

**From** Chelsey Metcalf <Chelsey.Metcalf@cityofchicago.org>
**Date** Fri 5/29/2026 6:45 PM
**To** Johnson, Patrick (USAILN) <patrick.johnson2@usdoj.gov>

Hi Patrick -

Can we circle back on this Monday morning? I want to make sure we have enough time to raise any concerns/motions with the Court before the MSJ briefing gets under way (June 8).

Thank you,

**Chelsey B. Metcalf** (she/her)
**Assistant Corporation Counsel III, Affirmative Litigation**
City of Chicago Law Department
121 N. LaSalle St., Room 600
Chicago, IL 60602
(312) 744-9484
www.cityofchicago.org/law

LAW

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

**From:** Chelsey Metcalf <Chelsey.Metcalf@cityofchicago.org>
**Sent:** Friday, May 22, 2026 12:51 PM
**To:** Johnson, Patrick (USAILN) <patrick.johnson2@usdoj.gov>
**Subject:** Administrative Record Questions in STC Case 1:25-cv-05462

Hi Patrick -

Thanks for taking the time to connect yesterday. As promised, here is an email with Plaintiffs' questions about the administrative record. *See* below. Can you please provide responses to these questions by next **Friday, May 29**?

My colleague, Raphael Ginsburg, will be sending you the equipment pause settlement letter under separate cover later today. Also, we will send you our draft motion on the number of pages, the waiver of Local Rule 56.1, and the deadline for your reply in the near future (hopefully by early next week).

1. **Sealed record** - As I mentioned on the call, Chicago noticed that the AR was filed under seal. I think you said that the sealing was inadvertent. How do you want to fix that issue? In particular, we'd like to have that resolved before we file our opening brief on June 8.

2. **Certification of AR** - The Certification does not say that the AR contains *all* the non-privileged documents that were directly or indirectly considered in connection with the challenged 2025 decisions by the DHS Countering Weapons of Mass Destruction Office (a) to pause funding to pay reimbursement requests under the Securing the Cities (STC) program; and (b) to pause procurement of radiological and nuclear detection equipment under the STC Program. Can you please let us know if the AR does include all of the documents, and then we can talk about whether we think the certification itself needs to be amended?

3. **Privileged Documents** - The Certification mentions that the record contains "non-privileged" documents considered by the agency. Can you please let us know if the agency considered privileged documents? If so, can you please provide a privilege log for those documents?

4. **Reference to Documents not Included**- We noticed that certain documents were mentioned in the AR but not included. Can you please let us know if you have any intention of supplementing the record with these documents?
    1. It appears the Securing the Cities Improvement Charter was an annex to another document, which had multiple annexes (*see* DHS-AR-0005). Are you planning to supplement the AR with the main document or the other attachments?
    2. The "status updates to CWMD Assistant Secretary" provided pursuant to the Securing the Cities Improvements Charter (*see* DHS-AR-0005).
    3. The "Concept Paper for STC Program Improvements that was presented to and approved by A/S Richardson on April 4, 2025" (*see* DHS-AR-0020 to -0021).

Thank you,

Chelsey B. Metcalf (she/her)
**Assistant Corporation Counsel III, Affirmative Litigation**
City of Chicago Law Department
121 N. LaSalle St., Room 600
Chicago, IL 60602
(312) 744-9484
www.cityofchicago.org/law

LAW

# Exhibit H

Outlook

**Re: Administrative Record in STC (Judge Tharp)**

**From** Chelsey Metcalf <Chelsey.Metcalf@cityofchicago.org>
**Date** Mon 6/8/2026 4:23 PM
**To** Johnson, Patrick (USAILN) <Patrick.Johnson2@usdoj.gov>

Hi Patrick -

Thanks. Our understanding is that, excepting certain cases like administrative challenges in the Individuals with Disabilities Education Act (IDEA) space and Social Security appeals, the administrative record is to be filed publicly on the docket. You, of course, could file a motion for leave to file under seal, but it doesn't seem like there is a basis here.

Can you please let me know (to the extent you can) what authority or source is telling you that ARs are always filed this way? As I'm sure you get, we'll want to get this cleared up in plenty of time for our filing on Monday.

Thank you,

**Chelsey B. Metcalf** (she/her)
**Assistant Corporation Counsel III, Affirmative Litigation**
City of Chicago Law Department
121 N. LaSalle St., Room 600
Chicago, IL 60602
(312) 744-9484
www.cityofchicago.org/law

LAW

---

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

---

**From:** Johnson, Patrick (USAILN) <Patrick.Johnson2@usdoj.gov>
**Sent:** Monday, June 8, 2026 4:03 PM
**To:** Chelsey Metcalf <Chelsey.Metcalf@cityofchicago.org>
**Subject:** RE: Administrative Record in STC (Judge Tharp)

[Warning: External email]

Hello Chelsey,

Sorry for the delayed response – just coming up for air after a few filings on Friday and a lengthy argument this morning.

As for the admin record, I'm told that it's not technically under seal. Rather, admin records are typically filed so that only attorneys or record and the judge can view the record. If you understand differently, I'll circle back to confirm or clarify.

As for the remaining issues, they seem reasonable, but I'm still checking with the client and will get back to you tomorrow.

Thanks for your patience.

Patrick

---

**From:** Chelsey Metcalf <Chelsey.Metcalf@cityofchicago.org>
**Sent:** Thursday, June 4, 2026 5:04 PM
**To:** Johnson, Patrick (USAILN) <Patrick.Johnson2@usdoj.gov>
**Subject:** [EXTERNAL] Administrative Record in STC (Judge Tharp)

Hi Patrick -

I don't think you have (but I could have missed it) filed the public version of the administrative record for the Securing the Cities matter yet. If it's not too much trouble, could you please amend the certification language to deal with the scope and privileged documents issues? In other words, is it easy enough to amend the certification to clarify that "the AR contains *all* the non-privileged documents that were directly or indirectly considered in connection with the challenged 2025 decisions by the DHS Countering Weapons of Mass Destruction Office (a) to pause funding to pay reimbursement requests under the Securing the Cities (STC) program; and (b) to pause procurement of radiological and nuclear detection equipment under the STC Program. "?

Also, if you've found out that your client did not consider any privileged documents, it would be helpful for that to be clear in the AR certification too.

If it's not possible or feasible to amend the administrative record at this point, I think my client could live with an email confirmation that the AR is complete (using the language above) and that your client did not consider privileged documents.

Thank you,

**Chelsey B. Metcalf** (she/her)
**Assistant Corporation Counsel III, Affirmative Litigation**
City of Chicago Law Department
121 N. LaSalle St., Room 600
Chicago, IL 60602
(312) 744-9484
www.cityofchicago.org/law

LAW

---

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.